IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tariq Wali Bey, | No. CV-19-04538-PHX-DJH (MHB) |
| Plaintiffs, | **ORDER** |
| v. | |
| Glendale City Court, et al., | |
| Defendants. | |

Plaintiff Tariq Wali Bey brought this civil rights action under 42 U.S.C. § 1983 against Glendale Police Officer Kristopher Johnston. (Doc. 1.) Before the Court is Defendant's Motion for Summary Judgment, which Plaintiff opposes. (Docs. 27, 30, 32.) The Court will grant the Motion and terminate the action.

I. **Background**

In his Complaint, Plaintiff states that he is a Minister from the Moorish Temple of New Kemit. (Doc. 1 at 4.) Plaintiff asserts that he travels as "a registered and law abiding Moorish American Citizen" with all his rights retained and reserved. (*Id.*) Plaintiff attached to his Complaint copies of what appear to be homemade identification cards. (*Id.* at 3.)[1] One is a "Travel Card" with Plaintiff's picture, name, and address, and the statement that "the bearer of this card exercises His/Her Unalienable Right to Travel over Land, Air

---

[1] In *United States v. James*, the Seventh Circuit Court of Appeals explained that the Moorish Science Temple was founded in 1913 by prophet Noble Drew Ali, and that Moorish Science is a heterodox Islamic sect based on Drew's teaching. 328 F.3d 953, 954 (7th Cir. 2003). The Circuit Court noted that "[i]t is a tenet of Moorish Science that any adherent may adopt any title, and issue any documents, he pleases." *Id.*

and Sea." (*Id.* at 3.) The other is an "Allodial Identification Card," which shows Bey's name, address, and identification information. (*Id.*)

Plaintiff alleged that he was driving in Glendale, at a safe speed, when he observed a police motorcycle trailing him for several miles. (*Id.* at 4.) Then the police officer, Defendant, pulled Plaintiff over and approached his vehicle. (*Id.*) Plaintiff asked Defendant what the problem was, and Defendant stated that Plaintiff had been speeding in violation of the law. (*Id.*) Defendant then asked for Plaintiff's identification. (*Id.*) Plaintiff informed Defendant that he was a Moorish American traveling "customary law" as a Moor. (*Id.*) Defendant issued Plaintiff a traffic ticket for traveling 60 miles per hour in a 40-mile-per-hour zone and for driving without a current Arizona driver's license in violation of Arizona Revised Statutes §§ 28-701 and 28-3151(A). (*Id.* at 9; Doc. 28 ¶ 5.)

Plaintiff alleged that Defendant's issuance of this ticket constituted an "unlawful arrest" and violated Plaintiff's First Amendment rights, Fourth Amendment rights, Fifth Amendment due process rights, and his rights under Article VI of the United States Constitution "by way of violating the Treaty of Peace and Friendship of 1836." (*Id.* at 4, 26–28.)[2]

On September 24, 2020, Defendant filed his Motion for Summary Judgment, arguing that (1) in failing to respond to Defendant's Requests for Admissions, Plaintiff admits that his claims are meritless; (2) Plaintiff's claims are frivolous; and (3) Defendant is entitled to qualified immunity. (Doc. 27.)[3]

In his opposition to summary judgment, Plaintiff contends that Defendant violated the Constitution by bringing "an unconstitutional complaint on Driver's License," which

---

[2] *See James*, 328 F.3d at 954 ("many adherents to the Moorish Science Temple" believe that they "need obey only those laws mentioned in an ancient treaty between the United States and Morocco").

[3] The Court issued an Order with a Notice informing Bey of the summary judgment requirements of Federal Rule of Civil Procedure 56. (Doc. 29.) *See Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc). Bey filed his Response before the Court sent out this Notice. (Doc. 30.) After Defendant filed his Reply, Plaintiff filed an Affidavit in support of his Response, which the Court will consider in its analysis. (Doc. 32.)

Plaintiff asserts is a clear violation of his rights, liberties, and pursuit of happiness. (Doc. 30 at 2; Doc. 32 at 2.) Plaintiff further contends that his Allodial Identification Card and Travel Card are valid and authentic and that, being a Moorish American National and not an Arizona Citizen, he is not required "to be forced [to be] an Arizona Citizen." (Doc. 30 at 2.) Plaintiff argues that not everyone needs to have a driver's license and that traveling without a license is not a threat to public safety or a crime. (*Id.* at 2–3.)

## II. Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden then shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*,

477 U.S. at 249. In its analysis, the court does not make credibility determinations; it must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255; *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

## III.    Plaintiff's Failure to Answer Defendant's Request for Admissions

Under Federal Rule of Civil Procedure 36(a), a party may serve a written request to admit the truth of any matter relating to the facts at issue or the application of the law to a fact, and a matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party[.]" Fed. R. Civ P. 36(a)(1)(A) & (3). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (quoting Fed. R. Civ P. 36(b)). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Id.*

On July 1, 2020, Defendant served Plaintiff with 25 requests for admission. (Doc. 28 ¶ 14.) The requests included the following:

· admit that "Officer Johnston stopped Plaintiff for traffic violations on June 13, 2018";

· admit that "Officer Johnston had probable cause to stop Plaintiff for these violations";

· admit that "Officer Johnston issued Plaintiff a citation for the traffic violations";

· admit that "a Glendale City Court judge found Plaintiff responsible for the traffic violations";

· admit that "the City Court issued its ruling on September 19, 2018";

· admit that "Plaintiff did not appeal the City Court's ruling";

· admit that "Plaintiff is legally responsible for the traffic violations despite his purported status as a 'Moorish American'";

- 4 -

· admit that "Plaintiff must obey the laws of the State of Arizona despite his purported status as a 'Moorish American'";

· admit that "Plaintiff's purported status as a "Moorish American' does not give him a special legal status that other citizens do not possess";

· admit that "Officer Johnston did not violate Plaintiff's rights under the United States Constitution";

· admit that "officer Johnston did not violate the law of the United States with regard to the incident";

· admit that "Plaintiff is legally required to possess a valid driver's license in order to drive an automobile in the State of Arizona";

· admit that "Plaintiff is legally required to obey the posted speed limits in the State of Arizona";

· admit that "neither the Travel Card nor the Allodial Identification Card is a driver's license recognized by the State of Arizona"; and

· admit that "the Treaty of Peace and Friendship referred to in Plaintiff's Complaint has no legal relevance to this case."

(Doc. 28 ¶ 15.)

Plaintiff did not respond to the requests for admissions. (*Id.* ¶ 16.)  In his Response and Affidavit, Plaintiff does not provide any explanation for failing to respond to the requests for admissions, nor does he move for withdrawal or amendment of any deemed admission.  (*See* Docs. 30, 32.)  In his Response, Plaintiff disputes just one of Defendant's asserted facts; Plaintiff maintains that his Travel Card and Allodial Identification Card are valid.  (Doc. 30 at 2.)

In light of Plaintiff's failure to respond to Defendant's requests for admissions, they are deemed admitted, and the resulting admissions cover all the material facts at issue in this case.  Defendant has therefore demonstrated the absence of a genuine issue of material fact as to whether he is liable for violating Plaintiff's constitutional or statutory rights.  *See Celotex*, 477 U.S. at 319–20 (the defendants specifically pointed out that the plaintiff "failed to identify, in answering interrogatories specifically requesting such information,

any witnesses who could testify about the decedent's exposure to petitioner's asbestos products"). Accordingly, summary judgment will be granted in favor of Defendant.

## IV. Plaintiff's Claims are Frivolous

Defendant points out in his Motion that, under state law, "a person shall not drive a motor vehicle . . . on a highway without a valid driver license and proper endorsement." (Doc. 27 at 7, citing Ariz. Rev. Stat. § 28-3151(A).) The Ninth Circuit has held that licensing requirements are constitutional because there is no "fundamental right to drive a motor vehicle." *Miler v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999). State law also provides that "a person shall not drive a vehicle on a highway at a speed greater than is reasonable and prudent under the circumstances." Ariz. Rev. Stat. § 28-701(A). Thus, if an officer has probable cause to believe that a driver is traveling over the speed limit, a traffic stop is reasonable and constitutional. *See Weldon v. Dyer*, No. 1:13-cv-00540-LJO-SAB, 12013 WL 2244527, at *7 (E.D. Cal. May 21, 2013) (it is clearly established that police officers may stop a vehicle whenever the police have probable cause to believe that a traffic violation has occurred; thus, the defendant officer's traffic stop of the plaintiff for driving over the speed limit was reasonable and constitutional) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). Accordingly, there is no basis for Plaintiff's claims that Defendant violated his constitutional rights when Defendant issued him a traffic ticket for driving without a license and for speeding.

Defendant also cites to numerous other court cases that have found similar claims brought by Moorish Americans and claiming immunity from generally applicable laws to be frivolous and meritless. (Doc. 27 at 7–8.) *See Bey v. State*, 847 F.3d 559, 561 (7th Cir. 2017) (plaintiff's claim that his status as a "Moor" exempted him from paying taxes was "frivolous"); *James*, 328 F.3d at 955 (defendant's legal arguments—based on his status as a self-proclaimed "Moorish national"—were "ludicrous"); *Bey v. Dimon*, No. 19-CV-07122-PJH, 2020 WL 999548, at *2 (N.D. Cal. Mar. 2, 2020) ("courts reject any argument that one's status as a Moor makes him or her a sovereign citizen who is immune from otherwise generally applicable law"); *Santos Bey v. Queen Anne County Dist. Ct.*, No. CV

CCB-19-3647, 2020 WL 1064902, at *1 (D. Md. Mar. 4, 2020) ("[c]ontrary to the plaintiff's assertions, his status as a Moorish American does not immunize him from the requirements to comply with State law"); *South Carolina v. Bakari*, No. CA 1:12-2630-TLW-PJG, 2012 WL 6947764, at *1 (D.S.C. Dec. 4, 2012), *report and recommendation adopted*, No. 1:12-CV-02630-TLW, 2013 WL 314491 (D.S.C. Jan. 28, 2013) (defendant's argument "that she should not be prosecuted for a violation of the law of the State of South Carolina because she is an Aboriginal Indigenous Moorish-American is frivolous on its face").

Likewise, in the instant case, Plaintiff's claim that he is somehow immune from state licensing and traffic laws due to his status as a Moorish American Citizen is frivolous. Therefore, alternatively, Defendant's Motion for Summary Judgment will be granted on this basis, and the Court need not address the qualified immunity argument.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Defendant Johnston's Motion for Summary Judgment (Doc. 27).

(2)     Defendant Johnston's Motion for Summary Judgment (Doc. 27) is **granted**, and Plaintiff Bey's Complaint is dismissed with prejudice.

(3)     The Clerk of Court must enter judgment accordingly and terminate the action.

Dated this 31st day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge